# EXHIBIT A

STATE OF NEW YORK
# DEPARTMENT OF STATE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

ROBERT J. RODRIGUEZ
SECRETARY OF STATE

July 27, 2023

ROSE REALTY CORP.
234 EAST 121ST STREET
NEW YORK NY 10035, USA

| | |
|---|---|
| RE: Party Served: | ROSE REALTY CORP. |
| Plaintiff/Petitioner: | BARBARA PEREZ |
| Receipt Number: | 202307270018 |
| Date Served: | 07/26/2023 |
| Section of Law: | SECTION 306 OF THE BUSINESS CORPORATION LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
BARBARA PEREZ,

                                      Plaintiff,

        -against-

ROSE REALTY CORP.,

                                      Defendant.
-----------------------------------------------------------------------x

Index No. 519835/2023
Date Filed: 07/11/2023

Plaintiff designates
KINGS County
as the place of trial

The basis of the venue is
Plaintiff's residence.

***SUMMONS***

Plaintiff resides at
1060 E. 86th Street
Brooklyn, NY 11236

TO THE ABOVE NAMED DEFENDANT:

***YOU ARE HEREBY SUMMONED*** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED: New York, New York
             July 11, 2023

                                 LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

                         By   *Charles E. Wisell*
                             CHARLES E. WISELL
                             Attorneys for Plaintiff
                             BARBARA PEREZ
                             Office and P.O. Address
                             40 Fulton Street
                             New York, New York 10038
                             (212) 285-3300

**Defendant's Address:**
**ROSE REALTY CORP.**
Thru Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
BARBARA PEREZ,

                              Plaintiff,

      -against-

ROSE REALTY CORP.,

                              Defendant.
------------------------------------------------------------------------x

Index No. 519835/2023
Date Filed: 07/11/2023

**VERIFIED**
**COMPLAINT**

       Plaintiff, by her attorneys, LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., as and for her Verified Complaint, states the following upon information and belief:

       1.      The plaintiff, BARBARA PEREZ, was and still is a resident in the County of Kings, City and State of New York.

       2.      Defendant, ROSE REALTY CORP., was and is limited liability company duly organized and existing pursuant to the laws of the State of New York.

       3.      Defendant, ROSE REALTY CORP., was and is a domestic business corporation duly organized and existing pursuant to the laws of the State of New York.

       4.      Defendant, ROSE REALTY CORP., maintained a principal place of business in the City and State of New York.

       5.      On and before April 11, 2022, defendant, ROSE REALTY CORP., was the owner of the premises located at 234 E. 121st Street, New York, New York (hereinafter "the premises").

       6.      On and before April 11, 2022, the aforesaid premises was a commercial premises.

       7.      On and before April 11, 2022, defendant, ROSE REALTY CORP., maintained the premises.

FILED: KINGS COUNTY CLERK 07/11/2023 11:52 AM
NYSCEF DOC. NO. 1

Case 1:24-cv-00640-LDH-SJB   Document 1-1   Filed 01/29/24   Page 5 of 11 PageID #: 13
INDEX NO. 519835/2023
RECEIVED NYSCEF: 07/11/2023

8. On and before April 11, 2022, defendant, ROSE REALTY CORP., managed the premises.

9. On and before April 11, 2022, defendant, ROSE REALTY CORP., supervised the premises.

10. On and before April 11, 2022, defendant, ROSE REALTY CORP., controlled the premises.

11. On and before April 11, 2022, defendant, ROSE REALTY CORP., repaired the premises.

12. On and before April 11, 2022, defendant, ROSE REALTY CORP., leased the premises.

13. On and before April 11, 2022, defendant, ROSE REALTY CORP., was the managing agent of the premises.

14. On and before April 11, 2022, defendant, ROSE REALTY CORP., operated the premises.

15. On and before April 11, 2022, defendant ROSE REALTY CORP. was the general contractor for the premises.

16. That at all times hereinafter mentioned, the defendant, ROSE REALTY CORP., hired and/or retained a certain company to perform construction work, labor and/or services upon the premises.

17. That at all times hereinafter mentioned, the defendant, ROSE REALTY CORP. entered into an agreement and contract with another entity by which the latter was to provide certain work, labor, services and material to the former as the general contractor with respect to certain construction work, labor and services with respect to the construction of the

premises.

18. That at all times hereinafter mentioned and on, or prior to April 11, 2022, the defendant, ROSE REALTY CORP., their agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises.

19. That on April 11, 2022, the Plaintiff, BARBARA PEREZ, was an employee of a contractor who was retained to perform work at the premises.

20. That at all times hereinafter mentioned and on, or prior to April 11, 2022, the Defendants, their agents, servants and/or employees were engaged in performing construction work, labor and/or services upon the premises.

21. Defendant ROSE REALTY CORP. retained a certain contractor to perform construction, renovation, rehabilitation, alteration, cleaning, excavation, pointing, demolition, painting and repair work on the premises.

22. Defendant ROSE REALTY CORP. acted as the general contractor for the construction, renovation, rehabilitation, alteration, cleaning, excavation, pointing, demolition, painting and repair work on the premises.

23. Defendant ROSE REALTY CORP. acted as the project manager for the construction, renovation, rehabilitation, alteration, cleaning, excavation, pointing, demolition, painting and repair work on the premises.

24. On or before April 11, 2022, defendant, ROSE REALTY CORP., had an affirmative duty to operate, manage, supervise, control, maintain, inspect and repair the premises.

25. On or before April 11, 2022, defendant, ROSE REALTY CORP., had an affirmative duty to operate, manage, control, maintain, inspect and repair the aforementioned

4

premises in a reasonably safe manner.

26. On and before April 11, 2022, defendant received notice that there was a dangerous and defective condition on the aforementioned premises.

27. On and before April 11, 2022, defendant had received actual notice that there were injuries caused to persons on the on the aforementioned premises due to the dangerous and defective condition thereat.

28. On or before April 11, 2022, defendant violated their duty to maintain the aforementioned premises in a reasonably safe condition.

29. On April 11, 2022, while plaintiff, BARBARA PEREZ, was lawfully on the premises when construction materials, that were not properly secured and hoisted, fell and struck the plaintiff.

30. On April 11, 2022, while plaintiff, BARBARA PEREZ, was lawfully on the premises when construction materials, that were not properly secured and hoisted, fell and struck the plaintiff, due to defective conditions at the premises.

31. Plaintiff, BARBARA PEREZ, was injured.

32. Plaintiff, BARBARA PEREZ, was seriously injured.

33. The incident occurred a result of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees, in their ownership, operation and maintenance of the premises, and/or in their management, supervision and control of the premises and/or the work.

34. The defective conditions were caused by the defendants, its agents, servants and/or employees.

35. The defective conditions were created by the defendants, its agents,

servants and/or employees.

36. The defendants violated the Labor Law §§ 200, 240(1) and 241(6) by failing to properly hoist and secure the materials which fell from a height and struck the plaintiff.

37. The defendant violated the Labor Law §§ 200, 240(1) and 241(6) by failing to provide safety devices which caused the aforesaid construction materials to fall and injured plaintiff, BARBARA PEREZ.

38. The limitations on liability set forth in §1601 of the Civil Practice Law and Rules do not apply to this action.

39. The limitations on liability set forth in §1601 of the Civil Practice Law and Rules do not apply to this action to this action by reason of one or more of the exemptions set forth in §1602 of the Civil Practice Law and Rules, including but not limited to §§1602(2), 1602(4), 1602(7) and 1602(8).

40. As a result of the foregoing, plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

**SECOND CAUSE OF ACTION**

41. Plaintiff repeats and realleges all the preceding allegations contained in this Complaint, as though fully set forth at length herein.

42. On April 11, 2022, defendant failed to furnish or erect or cause to be furnished or erected, for the performance of plaintiff's labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices, which were so constructed, placed and operated as to give proper protection to plaintiff BARBARA PEREZ.

43. Defendants violated Sections §§240(1), § 241(6), §240 and §200 of the

6

Labor Law of the State of New York and violated Rule 23 of the Industrial Code including but not limited to Sections §§23-1.5(a); 23 – 1.5(c); 23-1.5(c)(2) & (3); 23-1.7(d); 23-1.7(e)(1); 23-1.7(e)(2); 23-1.7(f); 23-1.28; 23-1.28(a); 23-1.28(b); 23-1.28(c); 23-1.28(e) and 23-2.1(a) & (b); and the OSHA standards for construction site safety.

44. These violations by the defendants were substantial factors in causing the injuries to plaintiff BARBARA PEREZ.

45. The defendants are thereby liable to plaintiff BARBARA PEREZ for her injuries.

46. The defendants are thereby strictly liable to plaintiff BARBARA PEREZ for her injuries.

47. As a result of the foregoing, plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

WHEREFORE, plaintiff demands judgment against the defendants in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

Dated: New York, New York
July 11, 2023

                Yours, etc.,

                LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

                By *Charles E. Wisell*
                CHARLES E. WISELL
                Attorneys for Plaintiff
                40 Fulton Street, 25th Floor
                New York, NY 10038
                212-285-3300

## VERIFICATION

CHARLES E. WISELL, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

I am an associate with the law firm of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., attorneys for the plaintiff herein.

I have read the foregoing Complaint and know the contents thereof, and upon information and belief your affirmant believes the matters therein alleged to be true.

The reason this verification is made by your affirmant and not the plaintiff herein is that plaintiff herein reside in a county other than that in which your affirmant maintains his offices.

The source of your affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.

DATED: New York, New York
         July 11, 2023

*Charles E. Wisell*
CHARLES E. WISELL

018

20 2307270

0152